UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jill B. Savedoff, | : | Case No. 1: 06CV0135 |
| | : | (Judge Gwin) |
| Plaintiff, | : | |
| vs. | : | **DEFENDANT KENTUCKY** |
| | : | **HIGHER EDUCATION STUDENT** |
| Access Group, Inc., et al. | : | **LOAN CORPORATION'S** |
| | : | **ANSWER TO AMENDED** |
| Defendants. | : | **COMPLAINT** |

For its answer to Plaintiff Jill B. Savedoff's Amended Complaint, Defendant Kentucky Higher Education Student Loan Corporation ("Kentucky Higher Education") states as follows:

1. Kentucky Higher Education denies that the amount in controversy in this action exceeds $5,000,000. Kentucky Higher Education lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies those allegations.

2. Kentucky Higher Education denies the allegations contained in paragraph 2 as they relate to Kentucky Higher Education. To the extent those allegations relate to other defendants, Kentucky Higher Education lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations.

3. Kentucky Higher Education denies the allegations contained in paragraph 3, and further states that it is not a party to any agreement with Plaintiff through which a forum selection clause was included.

4. Kentucky Higher Education admits that Plaintiff Jill B. Savedoff is a resident of Bethesda, Maryland. Kentucky Higher Education further admits that between May 1999 and June 2002, Plaintiff contracted for educational loans with a party or parties other than Kentucky Higher Education. Kentucky Higher Education further admits that, on behalf of Access Group, Inc., Kentucky Higher Education provided some services related to processing Plaintiff's

1

repayment of her student loans. Kentucky Higher Education also admits that Access Group procured those loans and that National City Bank financed those loans. Kentucky Higher Education specifically denies that it financed any such loans, and denies the remaining allegations contained in paragraph 4.

5. Kentucky Higher Education admits that Access Group, Inc. is a provider/servicer of student loans for students enrolled in graduate school, business school, medical school, dental school, and law school. Kentucky Higher Education lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5, and therefore, denies those allegations.

6. Kentucky Higher Education admits that it is a *de jure* municipal corporation and political subdivision of the Commonwealth of Kentucky created pursuant KRS 164A.010 to 164A.240. Kentucky Higher Education admits that it makes use of a postal box at the address P.O. Box 24266, Louisville, Kentucky. Kentucky Higher Education specifically denies that it has entered into a partnership with Access Group Inc., and denies the remaining allegations contained in paragraph 6.

7. Kentucky Higher Education admits that National City Bank provides credit for student loans, including some procured for students by Access Group. Kentucky Higher Education lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 and therefore denies those allegations.

8. Kentucky Higher Education denies that this action is appropriate for class certification, denies that the proposed class definition is valid or appropriate, denies that Plaintiff adequately represents that proposed class, and denies the remaining allegations contained in paragraph 8.

9. Kentucky Higher Education denies the allegations contained in paragraph 9.

10. Kentucky Higher Education denies the allegations contained in paragraph 10.

11. While Kentucky Higher Education denies appropriateness of the Plaintiff's requested class definition, it admits that she has attempted to define it so as to include herself. Kentucky Higher Education denies that her claims are typical of the claims of the purported class she seeks to represent.

12. Kentucky Higher Education lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Kentucky Higher Education admits that it is not aware of any other litigation concerning the allegations contained in the complaint and admits that any possible recovery would be extremely small. Kentucky Higher Education denies the remaining allegations contained in paragraph 13.

14. Kentucky Higher Education lacks knowledge or information sufficient to confirm the accuracy of the allegations contained in paragraph 14, and therefore, denies those allegations. Kentucky Higher Education specifically denies that it services 50 million students nor has it been in operation for 40 years.

15. Kentucky Higher Education lacks knowledge or information sufficient to confirm the accuracy of the allegations contained in paragraph 15, and therefore denies those allegations.

16. Kentucky Higher Education lacks knowledge or information sufficient to confirm the accuracy of the allegations contained in paragraph 16, and therefore denies those allegations.

17. Kentucky Higher Education lacks knowledge or information sufficient to confirm the accuracy of the allegations contained in paragraph 17, and therefore denies those allegations.

18. Kentucky Higher Education lacks knowledge or information sufficient to confirm the accuracy of the allegations contained in paragraph 18, and therefore denies those allegations.

19. Kentucky Higher Education admits the allegations contained in paragraph 19, except that it denies that a promissory note is singed in every instance.

20. Kentucky Higher Education admits the allegations contained in paragraph 20.

21. Kentucky Higher Education admits the allegations contained in paragraph 21.

22. Kentucky Higher Education admits that for some loans that it services for and on behalf of other entities, it will send a letter on behalf of that other entity (including Access Group) addressing methods through which the loans may be repaid. Kentucky Higher Education denies the remaining allegations contained in paragraph 22.

23. Kentucky Higher Education admits that Ms. Savedoff's loan agreements govern the repayment of her student loans. In further response to the allegations contained in paragraph 23, Kentucky Higher Education states that the loan documentation speaks for itself, and denies the allegations to the extent that they may differ from the language contained in the relevant loan and/or promissory notes.

24. Kentucky Higher Education admits that, on behalf of Access Group, it or Access Group typically sends a letter setting forth various payments options as described in paragraph 24.

25. Kentucky Higher Education states that the repayment option referred to in paragraph 25 is more accurately reflected in the letter referenced in paragraph 28. To the extent that the allegations contained in paragraph 25 differ from that letter, Kentucky Higher Education denies those allegations.

26. Kentucky Higher Education states that the repayment option referred to in paragraph 25 is more accurately reflected in the letter referenced in paragraph 28. To the extent that the allegations contained in paragraph 26 differ from that letter, Kentucky Higher Education denies those allegations.

27. Kentucky Higher Education states that the repayment option referred to in paragraph 27 is more accurately reflected in the letter referenced in paragraph 28. To the extent that the allegations contained in paragraph 27 differ from that letter, Kentucky Higher Education denies those allegations.

28. Kentucky Higher Education admits that the referenced letter states tentative rates and estimated payments schedules, and admits that Plaintiff has accurately photocopied a portion of a letter sent on behalf of Access Group. Kentucky Higher Education denies the remaining allegations contained in paragraph 28.

29. Kentucky Higher Education admits the allegations contained in paragraph 29, except that it denies that it retains the funds remitted to it.

30. Kentucky Higher Education admits the allegations contained in paragraph 30.

31. Kentucky Higher Education admits the allegations contained in paragraph 31.

32. Kentucky Higher Education denies that the referenced letter constitutes an agreement to which it is a party. Kentucky Higher Education further states that the letter speaks for itself, and to the extent that the allegations in paragraph 32 differ from the referenced letter, those allegations are denied. Kentucky Higher Education denies the remaining allegations contained in paragraph 32.

33. Kentucky Higher Education admits the allegations contained in paragraph 33.

34. Kentucky Higher Education admits the allegations contained in paragraph 34.

35. Kentucky Higher Education admits the allegations contained in paragraph 35.

36. Kentucky Higher Education admits the allegations contained in paragraph 36.

37. Kentucky Higher Education admits that interest rates changed and that the interest accruing changed accordingly. Kentucky Higher Education further states that the change in interest rate did not absolve Ms. Savedoff from paying all principal and interest that was accruing. Kentucky Higher Education denies the remaining allegations contained in paragraph 37.

38. Kentucky Higher Education admits that, per Ms. Savedoff's request for her repayment method, the amount due listed on the monthly statement remained consistent for a period of time. Answering further Kentucky Higher Education admit that Ms. Savedoff was notified of the changes in interest rates. Kentucky Higher Education denies the remaining allegations contained in paragraph 38.

39. Kentucky Higher Education admits that Ms. Savedoff made monthly payments in the amount of $296.36, and that applicable interest rates increased. Kentucky Higher Education denies the remaining allegations contained in paragraph 39.

40. Kentucky Higher Education admit that the interests rates increased as reflected in paragraph 40 of the Amended Complaint. Kentucky Higher Education further admits that the amounts remitted by Plaintiff were not sufficient to fully pay all accruing interest. Kentucky Higher Education states that there was no obligation to modify the monthly statements, and denies the remaining allegations contained in paragraph 40.

41. Kentucky Higher Education admits accrued, unpaid interest amounted to approximately $400. Kentucky Higher Education denies the remaining allegations contained in paragraph 41.

42. Kentucky Higher Education admits that during the second phase of the repayment method selected by Plaintiff her payment was allocated between interest and principal. Kentucky Higher Education further admits that the second phase of repayment began on approximately April 20, 2005. Kentucky Higher Education denies that Plaintiff's selection of repayment options constituted an agreement between her and Kentucky Higher Education, and denies the remaining allegations contained in paragraph 42.

43. Kentucky Higher Education admits that Plaintiff has incurred approximately $400 of accrued interest that she had not paid. Kentucky Higher Education further admits that it did not specifically state to Plaintiff that $400 of accrued interest would be added to her principal balance, but further states that it was under no obligation or legal duty to do so.

44. Kentucky Higher Education admits that the monthly statement requested a payment of $436.78, and that that payment reflected payment to be allocated to interest and principal. Kentucky Higher Education denies the remaining allegations contained in paragraph 44.

45. Kentucky Higher Education admits that Ms. Savedoff had accrued approximately $400 of additional unpaid interest, and denies the remaining allegations contained in paragraph 45.

46. Kentucky Higher Education admits that Ms. Savedoff incurring additional unpaid interest in the approximate amount of $400 resulted in interest accruing on that amount. Kentucky Higher Education further states that it is not aware of any provision in the promissory note or "loan terms" that prohibited such treatment of accrued unpaid interest. Kentucky Higher Education denies the remaining allegations contained in paragraph 46.

47. Kentucky Higher Education admits the monthly statement requested payment of $436.78, and that that payment was to be allocated toward principal and interest. Kentucky Higher Education denies the remaining allegations contained in paragraph 47.

48. Kentucky Higher Education admits that the monthly statements from March 205 through September 2005 requested $436.78. Kentucky Higher Education denies the remaining allegations contained in paragraph 48.

49. Kentucky Higher Education admits that the applicable interest rate increased by approximately .50% in October 2005. Kentucky Higher Education denies the remaining allegations contained in paragraph 49.

50. Kentucky Higher Education denies the allegations contained in paragraph 50. Answering further, Kentucky Higher Education states that Plaintiff's failure to fully pay principal and accruing interest resulted in increasing amounts of accrued unpaid interest.

51. Kentucky Higher Education lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective beliefs, and therefore denies those allegations.

52. Kentucky Higher Education denies the allegations contained in paragraph 52.

53. Kentucky Higher Education denies the allegations contained in paragraph 53.

54. Kentucky Higher Education denies the allegations contained in paragraph 54.

55. In response to paragraph 55, Kentucky Higher Education incorporates its answers and responses to each of the prior allegations.

56. Kentucky Higher Education admits that Plaintiff entered into a contracts for student loans. Kentucky Higher Education denies that it was a party to those contracts and denies the remaining allegations contained in paragraph 56.

57. Kentucky Higher Education denies that it is a party to a contract with Plaintiff and denies the remaining allegations contained in paragraph 57.

58. Kentucky Higher Education states that the promissory note and referenced letters speak for themselves, and to the extent that the allegations contained in paragraph 58 differ from those documents, Kentucky Higher Education denies those allegations. Answering further, Kentucky Higher Education states that the referenced documents do not prohibit the accrual of interest or Plaintiff's obligation to pay interest on funds that she has enjoyed the benefit of.

59. Kentucky Higher Education denies the allegations contained in paragraph 59.

60. Kentucky Higher Education denies the allegations contained in paragraph 60.

61. Kentucky Higher Education denies the allegations contained in paragraph 61.

62. Kentucky Higher Education denies the allegations contained in paragraph 62.

63. Kentucky Higher Education denies the allegations contained in paragraph 63.

64. In response to paragraph 64, Kentucky Higher Education incorporates its answers and responses to each of the prior allegations.

65. Kentucky Higher Education denies that Plaintiff has a legally recognized right to plead the referenced claim in the alternative to her breach of contract claims, and denies that it has retained benefits alleged in Count II.

66. Kentucky Higher Education admits that it contracted with Access Group to be paid by Access Group for services related to student loans. Kentucky Higher Education denies the remaining allegations contained in paragraph 66.

67. Kentucky Higher Education denies the allegations contained in paragraph 67, and denies that it received a benefit from the alleged actions.

68. Kentucky Higher Education denies the allegations contained in paragraph 68.

69. Kentucky Higher Education denies the allegations contained in paragraph 69.

70. Kentucky Higher Education denies the allegations contained in paragraph 70.

71. Kentucky Higher Education denies the allegations contained in paragraph 71. Kentucky Higher Education specifically denies that accrued and unpaid interest charges are in its possession or have caused any injury to Plaintiff or purported class members.

72. Kentucky Higher Education denies the allegations contained in paragraph 72. Kentucky Higher Education specifically denies that accrued and unpaid interest charges are in its possession or have caused any injury to Plaintiff or purported class members.

73. Kentucky Higher Education denies the allegations contained in paragraph 73.

74. Kentucky Higher Education denies the allegations contained in paragraph 74.

### SECOND DEFENSE

Savedoff's Amended Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Savedoff's Amended Complaint fails for lack of subject matter jurisdiction.

### FOURTH DEFENSE

Savedoff's Amended Complaint fails for lack of personal jurisdiction over Kentucky Higher Education.

### FIFTH DEFENSE

Savedoff's Amended Complaint and its claim for an alleged breach of contract against Kentucky Higher Education fails for lack of consideration.

### SIXTH DEFENSE

Savedoff's Amended Complaint is barred, in whole or in part, by her failure to mitigate her alleged damages.

## SEVENTH DEFENSE

Savedoff's Amended Complaint is barred, in whole or in part, by her lack of damages.

## EIGHTH DEFENSE

Savedoff's Amended Complaint is inappropriate for certification as a class action.

WHEREFORE Kentucky Higher Education demands that the Amended Complaint be dismissed with prejudice and that it be awarded its costs and attorney's fees, and all other such relief to which it is entitled in law or in equity.

Respectfully submitted,

*/s/ Jeffrey R. Teeters*
Jeffrey R. Teeters (0061801)
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
jteeters@fbtlaw.com
Trial Attorney for Defendant Kentucky Higher Education Student Loan Corporation

OF COUNSEL
Grant S. Cowan (0029667)
Neil U. Desai (0079498)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Counsel for Defendant
Kentucky Higher Education Student Loan Corporation

11

## Certificate of Service

I hereby certify that on May 12, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Jeffrey R. Teeters*
Jeffrey R. Teeters (0061801)
2200 PNC Center, 201 East Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
jteeters@fbtlaw.com
Trial attorney for the Defendant Kentucky Higher Education Student Loan Corporation

CINLibrary 1629499v.2