# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Jill B. Savedoff<br>Individually and on behalf of all others<br>similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Access Group, Inc., et al.<br><br>　　　　　　　　　　Defendants. | : CASE NO. 1:06CV00135<br>:<br>:<br>: CIVIL ACTION<br>:<br>:<br>:<br>: JUDGE JAMES S. GWIN<br>:<br>:<br>:<br>: MAGISTRATE JUDGE LIMBERT<br>: |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT KENTUCKY HIGHER EDUCATION STUDENT LOAN CORPORATION'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiff, Jill B. Savedoff ("Ms. Savedoff"), by her counsel, respectfully submits this memorandum in opposition to Kentucky Higher Education Student Loan Corporation's ("KHESLC") Motion to Dismiss the Amended Complaint ("Motion").

## I. INTRODUCTION

KHESLC's Motion seeks at this premature stage of the litigation a ruling on the merits of Ms. Savedoff's claims and is inconsistent with the standards for pleading under Fed. R. Civ. P. 8(a)(2). The Amended Complaint ("Complaint") alleges a claim for breach of contract (Count I) and an alternative claim for unjust enrichment (Count II). The allegations in the Complaint provide a short and plain statement of the claims and give KHESLC fair notice of the grounds upon which Ms. Savedoff seeks relief for herself and the Class. Nothing more is required at this stage of the litigation.

In the claim for breach of contract the Complaint alleges that Ms. Savedoff contracted with KHESLC and Access Group, Inc. ("Access") for the repayment of Student Loans ("Student Loans"). Amend. Compl. ¶¶22, 24, 28, 31-33. Access and KHESLC formed a partnership for the servicing of the Student Loans. *Id.* ¶6. The promissory note, together with the EasyPay repayment letter that KHESLC and Access sent Ms. Savedoff, sets forth the agreement between the parties. *Id.* ¶57. The EasyPay repayment letter purports on its face to have been sent to Ms. Savedoff jointly by KHESLC and Access. *Id.* ¶28. KHESLC violated the terms of the contract by adding accrued interest to principal after the repayment period began. *Id.* ¶¶46, 54, 58-61. The effect of this action was to convert simple interest on the Student Loans into compound

2

interest, or interest on interest, causing monetary loss to Ms. Savedoff and the Class.[1] *Id.* ¶¶46, 54, 59-62.

In the alternative claim for unjust enrichment Ms. Savedoff alleges that KHESLC benefited from the collection and retention of excess payments of interest on interest that in equity belong to Ms. Savedoff and the Class. Specifically, KHESLC partnered with Access Group for the benefit of receiving payments and/or fees for the collection of payments on the Student Loans of Ms. Savedoff and the Class. *Id.* ¶¶6, 66. Defendants' improper practice of adding accrued interest to the principal balance of the loans, during the repayment period, allowed for the collection of excess interest payments on the loans. *Id.* ¶67. KHESLC knew of and retained this benefit. *Id.* ¶68. Retention of this benefit is unjust and results in a windfall to KHESLC. *Id.* ¶70. As a result of KHELSC's collection and retention of this benefit Ms. Savedoff and the Class suffered monetary damages. *Id.* ¶¶70-73. The addition of unpaid accrued interest to principal, and the collection of interest on this interest, permits KHESLC to improperly collect and retain overpayments and/or fees that in equity belong to Ms. Savedoff and the Class. *Id.*

The allegations in the Complaint clearly and unequivocally set forth the nature and basis of a claim for breach of contract, or in the alternative, a claim for unjust enrichment. Fed. R. Civ. P. 8(a)(2) requires only that a complaint include a "short and plain statement of the claim..." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80, 85 (1957); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S. Ct.

---

[1] Contrary to KHESLC's mischaracterization, Ms. Savedoff <u>does not</u> claim that she was injured by not being required to pay accrued interest. The Complaint clearly alleges that Ms. Savedoff was injured by Defendants' <u>improper addition of unpaid accrued interest to principal</u> after the start of repayment period and the <u>charging of interest on that interest</u> in violation of the loans' terms. Amend. Compl. ¶¶46, 51, 54, 62, 73.

3

1160, 1163, 122 L. Ed. 2d 517, 524 (1993). Whether Ms. Savedoff will prevail on those claims is not a concern on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974), overruled on other grounds, *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).

For these reasons, and as detailed below, KHESLC's Motion should be denied.

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(6)

On a Rule 12(b)(6) motion the Court will construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the pleader. *See Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482 (6th Cir. 2002); *Varljen v. Cleveland Gear Co.*, 250 F.3d 426, 429 (6th Cir. 2001). Indeed, "it must appear beyond all doubt that the plaintiff would not be able to recover under any set of facts that could be presented consistent with allegations of the complaint." *See Bower v. Fed Ex. Corp*, 96 F.3d 200, 203 (6th Cir. 1996); *Nishiyama v. Dickson County, Tenn.*, 814 F.2d 277, 279 (6th Cir. 1987); *Conley*, 355 U.S. at 45-46.

Rule 12(b)(6) motions are viewed with disfavor and should rarely be granted. *See Conley* 355 U.S. at 42. The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, *not to decide the merits of the case. See Scheuer*, 416 U.S. at 236; *Cox v. Turley*, 506 F.2d 1347 (6th Cir. 1974) (emphasis added). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Conley, 355 U.S. at 45-46*; *Kulik v. United States*, 1984 U.S. App. LEXIS 13910 *4 (6th Cir. 1984)(*See* Ex. A). In deciding to grant a 12(b)(6) motion, the court must conclude "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley*, 355 U.S.

4

at 45-46, *See Kerasotes Michigan Theatres, Inc. v. National Amusements, Inc.*, 854 F. 2d 135, 136 (6th Cir. 1988).

### B. A Complaint Need Only Satisfy Rule (8)(a)(2).

Fed. R. Civ. P. 8(a)(2) requires only that a complaint include a "short and plain statement of the claim..." *See Conley*, 355 U.S. at 47-48. The Federal Rules "do not require a claimant to set out in detail the facts upon which" a claim is based. *Id.* In fact, all the Rules require is a short and plain statement of the claims that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Mesker v. U. S. Gypsum Co.*, 667 F.2d 1027 (6th Cir. 1981); *Yakubek v. Rex*, 1992 U.S. App. LEXIS 11759 *2-3 (6th Cir. 1992)(*See* Ex. B).

In *Leatherman*, the Supreme Court held that federal courts cannot require more from a complaint than notice pleading. The Court reasoned that any extension of particularized pleading requirements beyond the fraud circumstances expressly described in Rule 9(b) must be effectuated by rule revision, not by judicial construction. *See Leatherman,* 507 U.S. at 168-169. Thus, courts cannot require stricter pleading than required by Rule 8(a). *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513, 122 S. Ct. 992, 998-999, 152 L. Ed. 2d 1, 10-11 (2002).

### III. COUNT I OF THE COMPLAINT ALLEGES THAT KHESLC WAS A PARTY TO THE STUDENT LOAN CONTRACTS OF MS. SAVEDOFF AND THE CLASS

The question before the Court is whether the Complaint has sufficiently alleged the existence of a contractual relationship with KHESLC and whether Ms. Savedoff can prove any facts that would allow her to proceed on that claim. *See Conley*, 355 U.S. at 45-46; *Bower*, 96 F.3d at 203. KHESLC's attempt to argue the merits of Ms. Savedoff's claims is not appropriate at this initial stage of the litigation and misconstrues the purpose of a Rule 12(b)(6) motion.

5

*Scheuer*, 416 U.S. at 236. The Court must accept as true all of the facts alleged in the Complaint, and draw all reasonable inferences in Ms. Savedoff's favor. *See Rossborough Mfg. Co.*, 301 F.3d at 482; *Varljen., 250 F.3d* at 429.

1. **Count I Alleges the Elements of a Claim for Breach of Contract Against KHESLC.**

KHESLC contends that the Complaint fails to state any facts that would make Kentucky Higher Education a party to a contract with Ms. Savedoff. The allegations in the Complaint clearly contradict this contention. Count I unequivocally alleges that the promissory note and EasyPay letter memorialized a contract between the parties. Amend. Compl. ¶¶28, 57. Under Ohio Law, to recover upon a breach of contract claim, Ms. Savedoff must show "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Nious v. Griffin Constr., Inc.*, 2004 Ohio 4103, *15 (10th App. Dist.); *Powell v. Grant Med. Ctr.*, 148 Ohio App. 3d 1, 10, 771 N.E.2d 874 (2002), quoting *Nilavar v. Osborn*, 137 Ohio App. 3d 469, 483; 738 N.E.2d 1271 (2000).

Count I alleges that Access and KHESLC created a partnership to service the Student Loans. *Id.* ¶6. The EasyPay documents and KHESLC's acceptance of those documents reflect this partnership. *Id.* ¶28. Ms. Savedoff performed her duties under the terms of the contract by submitting her monthly payments to KHESLC and Access. *Id.* ¶¶28, 31-32. KHESLC breached the contract by adding accrued interest to principal after the repayment period began. *Id.* ¶¶46, 54, 58-61. The addition of accrued interest to principal, after the start of the repayment period, and the collection of interest on that interest, resulted in a monetary loss by Ms. Savedoff and the Class. *Id.* ¶¶46, 54, 61-62. Taken as a whole these allegations allege the existence of a contract between Ms. Savedoff and KHESLC, performance by the parties, breach by KHESLC, and

damage or loss to Ms. Savedoff and the Class. *See Nious*, 2004 Ohio 4103 at *15; *Powell*, 148 Ohio App. 3d at 10.

Taking the allegations in the light most favorable to Ms. Savedoff, Count I clearly states a short and plain statement of a claim for breach of contract against KHESLC. Rule 8(a)(2) requires no more at this stage, and Ms. Savedoff should we allowed to offer evidence to support her claim.

### 2. The Complaint does not Rest Upon an Agency Relationship between the Parties.

KHESLC argues that, as an authorized agent who contracts with a third party on behalf of a disclosed principal, it is not liable on the contract. KHESLC relies upon *Stryker Farms Exchange v. Mytczynskyj*, 129 Ohio App. 3d 338, 717 N.E. 2d 819 (1998); *Dobell v. Koch*, 16 Ohio App. 41 (1921). KHESLC's argument is based on the unsupported conclusion that KHESLC is merely a "servicing agent" for Access, and therefore cannot be held liable for a breach of contract. This argument is not supported by the facts alleged in the Complaint but rather assumes facts outside the pleadings.

Nowhere in Count I is it alleged that KHESLC has acted solely as an agent for Access. In fact, Count I alleges just the opposite. The Complaint alleges "KHESLC has partnered with Access Group to service and collect Student Loans financed or obtained by Access Group." Amend. Compl. ¶6. KHESLC and Access contracted with Ms. Savedoff for the repayment of Student Loans. ¶¶24, 28, 31-32. The contract is reflected in the promissory note and the EasyPay letter mailed to Ms. Savedoff on January 1, 2006, a copy of which is incorporated into the Complaint. *Id.* ¶¶28, 57. The letterhead on this correspondence clearly shows it is from both KHESLC, which calls itself "the Student Loan People," and Access. This joint letterhead

7

supports Ms. Savedoff's allegation that KHESLC and Access are acting jointly as partners. *Id.* ¶¶6, 28.

Ohio law states that a "principal is undisclosed where neither the existence of an agency nor the identity of the principal is known to the third party." *James G. Smith & Associates, Inc. v. Everett*, 1 Ohio App. 3d 118, 120, 439 N.E. 2d 932, 935 (1981); *Davis v. Harness*, 38 Ohio St. 397 (1882). "The rationale for the agent's liability is that since the third party was unaware of the agency, he intended to deal with the agent as an individual, not as an agent." *Id.* 439 N.E. 2d at 935. Ms. Savedoff is aware of no disclosures by KHESLC or Access that indicate a principal-agent relationship between them. The Complaint clearly alleges that KHESLC partnered with Access and that each party acted in their individual capacity. Amend. Compl. ¶¶6, 28. Certainly there is nothing in Count I that precludes proof of these facts at trial.

In ruling on the sufficiency of the Complaint it is not for the Court to assume facts that are not in evidence. Again, it is not the concern of a Rule 12(b)(6) motion to determine whether Ms. Savedoff will prevail on the breach of contract claim, but only that the Complaint has set forth the elements of a claim for breach of contract. *See Scheuer*, 416 U.S. at 236. The Motion should therefore be denied as to Count I.

### IV. COUNT II OF THE COMPLAINT ALLEGES THAT KHESLC WAS UNJUSTLY ENRICHED THROUGH THE COLLECTION OF INTEREST ON INTEREST THAT IN EQUITY BELONGS TO MS. SAVEDOFF AND THE CLASS

In the event that it is found that there is no breach of contract between her and KHESLC, Ms. Savedoff has alleged in Count II, in the alternative, a claim for unjust enrichment. This claim is asserted to prevent KHESLC from benefiting from the interest on interest that KHESLC collected but in equity belongs to Ms. Savedoff and the Class. Although Count I of the Complaint alleges a claim for breach of contract, Ms. Savedoff may allege a claim in the

alternative for unjust enrichment. Fed. R. Civ. P. 8(e)(2) allows a party to "state as many separate claims… as the party has regardless of consistency." "Rule 8(e)(2) concerns the ability of [a party] to plead alternative legal arguments, even if they are inconsistent or based on inconsistent facts." *Teledyne Industries, Inc., v. National Labor Relations Bd.*, 911 F.2d 1214, 1218 (6th Cir. 1990).

Unjust enrichment occurs when a person retains money or benefits that in justice and equity belong to another. *See Hummel v. Hummel*, 133 Ohio St. 520 (1938). A claim for unjust enrichment lies whenever a benefit is conferred by a plaintiff upon a defendant, with knowledge by the defendant of the benefit, and retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *See Donovan v. Omega World Travel*, 1995 Ohio App. Lexis 4448 *8; *Hambelton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183, 465 N.E.2d 1298 (1984); *Katz v. Banning*, 84 Ohio App. 3d 543, 552, 617 N.E.2d 729 (1992).

KHESLC contends that a claim for unjust enrichment cannot exist where there is an express contract covering the same subject. The general rule is that a quasi contract and an express contract cannot co-exist concerning the same subject, *however this rule is not without exception*. *See Nationwide Heating and Cooling, Inc. v. K&C Construction*, Ohio App. Lexis 8681 *3 (10th App. Dist.1987)(*See* Ex. C). "Circumstances may exist to support an unjust enrichment claim against a *non-contracting third party* who benefits from the uncompensated work of one of the parties to the litigation." *Id.* at *4 (emphasis added).

In fact, Ohio courts have held that a claim for unjust enrichment may proceed where there is an express contract governing the relationship of the parties. *See Kazmier v. Thom*, 63 Ohio App. 2d 29, 408 N.E.2d 694 (1987) (Plaintiff contracted with lessee for installation of a fence and lessor required lessee to install a fence under the lease agreement, the court allowed a claim

9

for unjust enrichment against the lessor where facts raised some question of whether lessor had held himself out as a partner to lessee.); *Andy's Glass Shops v. Leelanau Realty*, 50 Ohio App. 2d 355, 363 N.E.2d 601 (1977) (Claim for unjust enrichment allowed against landlord where tenant failed to pay glass installer under a contract between installer and the tenant, and the tenant was required to repair a broken window under the lease agreement); *Sprinkler Company v. Twin M. Nursing Home,* 1979 Ohio App. Lexis 11263 (Allowing plaintiff to sue third party for unjust enrichment where parties were governed by separate contracts)(*See* Ex. D).

Count II alleges that Ms. Savedoff and KHESLC are each covered by a separate contract with Access. *See Sprinkler Company,* 1979 Ohio App. Lexis 11263. Ms. Savedoff <u>and</u> Access signed a contract for the collection of interest on Student Loans. Amend. Compl. ¶4. Access formed a separate arrangement whereby KHESLC would collect payments of the Student Loans. *Id.* ¶6. As a result of the contract between Ms. Savedoff and Access, KHELSC receives the benefit of either fees or interest payments on the Student Loans. *Id.* ¶¶68-69. *See Kazmier, supra*; *Andy's Glass Shops, supra.*

As in *Sprinkler*, Count II alleges that Ms. Savedoff and KHESLC are not covered by an express contract that would preclude a claim for unjust enrichment. Ms. Savedoff and KHESLC have entered into separate and unique contractual relationships with Access. These contracts are for different purposes and provide for separate benefits. "Therefore the rule prohibiting suits in quasi-contract between parties to a contract does not preclude [Ms. Savedoff] from recovering for unjust enrichment" against KHESLC. *Sprinkler Company*, 1979 Ohio App. Lexis at *8.

The claim in Count II is parallel to that found adequate in *Kazmier*. In *Kazmier*, the court allowed a claim for unjust enrichment to proceed where the plaintiff raised facts as to whether the lessor had held himself out as a partner of the lessee. *Id.* Ms. Savedoff's Complaint

10

specifically alleges that KHESLC has partnered with Access to service the Student Loans of Ms. Savedoff and the Class. Amend. Compl. ¶6. The scope of the relationship between the parties is not known at this time. The fact that there is a question as to the relationship among the parties, and duties owed, is reason alone to preclude the Court from dismissing Ms. Savedoff's unjust enrichment claim at this early stage of the litigation.

Count II alleges an exception to the general rule that a quasi contract and an express contract cannot co-exist concerning the same subject. *See Nationwide Heating*, Ohio App. Lexis 8681 at *4. Ms. Savedoff has alleged sufficient facts showing that circumstances may exist to support an unjust enrichment claim against KHESLC as a non-contracting third party. *id*. Clearly, these allegations meet the standard of Rules 8 (a)(2).

As alleged, Count II of the Complaint sets forth the elements of an unjust enrichment claim. KHESLC's Motion should accordingly be denied.

## V. **CONCLUSION**

For all the foregoing reasons, KHESLC's Rule 12(b)(6) Motion should be denied. Ms. Savedoff has set forth a short and plain statement of her claims upon which relief can be granted and is not required to plead more. In satisfaction of this standard, the Complaint has clearly set

forth a claim for breach of contract (Count I), and in the alternative, unjust enrichment (Count II).

Dated: May 23, 2006

Respectfully submitted,

David H. Weinstein
Eric J. Lacerte
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
weinstein@wka-law.com
lacerte@wka-law.com
Tel: (215) 545-7200
Fax: (215) 545-6535

Justin Madden
LANDSKRONER GRIECO MADDEN LTD
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
justin@landskronerlaw.com
Tel: (216) 522-9000
Fax: (216) 522-9007

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2006, a copy of Plaintiff's Memorandum In Opposition To Defendant Kentucky Higher Education Student Loan Corporation's Motion to Dismiss The Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

_____
Eric J. Lacerte
Weinstein, Kitchenoff, & Asher LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Tel: (215) 545-7200
Fax: (215) 545-6535
Lacerte@wka-law.com