UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JILL B. SAVEDOFF, Individually and on :
behalf of all others similarly situated, : CASE NO. 1:06-CV-135
:
Plaintiff, : JUDGE JAMES S. GWIN
:
vs. : ORDER
: [Resolving Doc. No. 122]
ACCESS GROUP, INC. *et al.*, :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Defendant, Access Group, Inc., moves the Court pursuant to its discretion under Rule 62(c), Fed. R. Civ. P., to stay the effect of paragraphs 2.a. and 2.b. of its April 20, 2007 Injunctive Order pending appeal to the United States Court of Appeals for the Sixth Circuit. [Doc. 122.] The Plaintiff, individually and on behalf of the class, opposes the Defendant's motion. [Doc. 124.] For the following reasons, the Court **GRANTS** the Defendant's motion.

I. Background

On November 9, 2006, Plaintiff Jill B. Savedoff ("Savedoff") filed a second amended class action on behalf of herself and the class alleging multiple breaches of contract. [Doc. 99.] On February 26, 2007, the Court granted the Plaintiffs' motion for summary judgment and denied the Defendant's competing motion. [Doc. 106.] On April 20, 2007, the Court then issued an injunction following the Court's liability determination ("the Injunction").

With its injunctive Order, the Court addressed two primary issues related to the Defendant's

Case No. 1:06-cv-135
Gwin, J.

administration of the class's student loans. First, having found that the loan agreements did not permit Access Group to capitalize (i.e., add to principal) certain Additional Interest that had accrued on loans but that Access Group failed to include in the borrowers' monthly assessments, the Court ordered Access group to (1) refrain from engaging in such conduct going forward and (2) refund such interest to the extent it had not already done so voluntarily.

Second, the Court ordered Access Group to refrain from applying borrowers' scheduled monthly payments to pay down accrued Additional Interest that Access Group has uncapitalized and to re-apply all such amounts allocated to Additional Interest since July 2006 to principal reduction instead. Furthermore, the Court ruled that Access Group may not charge Additional Interest to the borrowers in any form until the last payment on their loans.

Access Group has appealed the portions of the Court's Order establishing that (1) Additional Interest obligations are subordinate to amortized principal payments and (2) Additional Interest is not chargeable until a balloon payment at the end of the loan term. The Defendant moves the Court to stay the effect of these aspects of the Injunction pending appeal to the United States Court of Appeals for the Sixth Circuit. The Plaintiffs oppose the Defendant's motion.

## II. Legal Standard and Analysis

Under Rule 62(c), Fed. R. Civ. P., a district court has discretion whether to grant a stay from a final judgment providing injunctive relief. To determine whether a stay is appropriate, reviewing courts balance four factors, including: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Sandusky County Democratic Party v. Blackwell*, 340 F. Supp.

Case No. 1:06-cv-135
Gwin, J.

2d 810, 812 (N.D. Ohio 2004).

In its motion opposing the Defendant's request for a stay, the Plaintiffs say that the applicable four factors militate against the Court staying its Injunctive Order pending appeal. Specifically, Plaintiff Savedoff argues that a stay is inappropriate because the Defendant has failed to show (1) a likelihood of success on appeal, or (2) that if the Court denies its motion the Defendant will suffer irreparable harm. In contrast, the Plaintiffs say that a stay will assuredly harm class members.

After reviewing the applicable four factors, the Court is – unsurprisingly – skeptical of the Defendant's likelihood of success on appeal. However, because neither Plaintiff Savedoff nor the class generally will suffer significant harm if the Court grants a stay, the Defendant need not make as strong a showing of their likelihood of success on appeal. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other."). Additionally, the Court finds that the Defendant can cure any harm the Plaintiffs may suffer through the posting of a bond. Accordingly, the Court grants the Defendant's motion but conditions the effectiveness of the stay upon the posting of a bond in the amount of $700,000.

IT IS SO ORDERED.

Dated: June 12, 2007　　　　　　　　　　　　s/　　*James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE